Case 4:26-cv-00930   Document 13   Filed 03/14/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ISAIAS HERNANDEZ GONZALEZ,** | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-00930 |
| **MARTIN FRINK,** *et al.*, | § § § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Isaias Hernandez Gonzalez's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (ECF No. 7). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

### I. BACKGROUND

The parties do not dispute the following facts. Petitioner is a citizen of Honduras who entered the United States without inspection in 2007. ECF No. 1 at ¶ 23. He has resided in the United States continuously since that time, working in the restaurant injury and starting a family. *Id*. Petitioner now lives with his girlfriend, her child, and Petitioner's newborn daughter—a U.S. citizen. *Id.* Petitioner's newborn daughter has ongoing health issues. *Id.*

On December 16, 2025, Petitioner was taken into immigration custody. *Id*. at ¶ 25. He was issued a Notice to Appear (NTA) in removal proceedings before an Immigration Judge (IJ) under § 240 of the Immigration and Nationality Act (INA). ECF No. 7, Exh. 1. The NTA charged Petitioner with being subject to removal under INA § 212(a)(6)(A)(1) as "an alien present in the

United States without being admitted or paroled." *Id.* Petitioner was denied bond by an Immigration Judge (IJ) pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), on January 16, 2026. ECF No. 7, Exh. 2. His removal proceedings are ongoing.

## II.  ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, No. 4:26-CV-00798 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the same reasons articulated in that case, the Court reaches the same conclusion here. Because the Court agrees with Petitioner that his ongoing detention violates the Due Process Clause (ECF No. 1 at ¶ 50-51), it declines to address his additional arguments.

## III.  CONCLUSION

For the same reasons previously articulated in *Salvador Rodriguez*, the Court concludes that "the appropriate remedy [for the violation of Petitioner's due process rights] is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that 'continued detention is needed to prevent [Petitioner]] from fleeing or harming the community.'" *Salvador Rodriguez*, No. 4:26-CV-00798 (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020)). Other courts addressing similar circumstances have

ordered the same or similar remedies. *E.g., Armando Gomez Hernandez, v. ICE Field Off. Dir., El Paso, Texas et al*, No. EP-26-CV-67-KC, 2026 WL 503958, at *3 (W.D. Tex. Feb. 23, 2026) (ordering bond hearing where government bears the burden to prove flight risk or danger by clear and convincing evidence); *Rodriguez v. Bondi*, No. EP-26-CV-00292-DB, 2026 WL 523055, at *2 (W.D. Tex. Feb. 25, 2026) (same); *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (ordering immediate release).

The Court therefore **ORDERS** as follows.

1. Respondents must provide Petitioner with a bond hearing before an IJ at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. **<u>Respondents must provide this hearing within five (5) days, or else release Petitioner.</u>**

2. Respondents must file an advisory with the Court **<u>on or before March 23, 2026</u>**, informing the Court of the result of the hearing and Petitioner's custody status.

**IT IS SO ORDERED.**

Signed at Houston, Texas on March 14, 2026.

_____
Keith P. Ellison
United States District Judge